IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

LARRY DARELL WADE,

    Defendant.

Case No. 1:22-mj-02021-AOR

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   No.

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No.

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY:  /s/ Hayden  P. O'Byrne
Hayden P. O'Byrne
Assistant United States Attorney
Southern District of Florida
Fla. Bar. No. 60024
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9447
E-mail: hayden.obyrne@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
| --- | --- | --- |
| v. | ) | |
| | ) | Case No.   1:22-mj-02021-AOR |
| LARRY DARELL WADE, | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of   January 4, 2022   in the county of   Miami-Dade   in the   Southern   District of   Florida   , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. § 841 (a)(1) | Possession of a controlled substance with intent to distribute |
| 18 U.S.C. § 922 (g)(1) | Possession of ammunition by a convicted felon |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☒ Continued on the attached sheet.

_____
Complainant's signature

Carlos Calzadilla, ATF TFO
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by   Face Time

Date:   1/5/22

_____
Judge's signature

City and state:   Miami, Florida     Hon. Alicia M. Otazo-Reyes, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

LARRY DARELL WADE,

Defendant.

Case No. 1:22-mj-02021-AOR

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carlos Calzadilla, being first duly sworn, hereby depose and state as follows:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") located in Miami, Florida. Thus, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). As an officer of the United States, I am empowered by law to conduct investigations of, and make arrests for, violations of federal law, including the offenses enumerated in Titles 18 and 21.

2. Currently, I am assigned to the Street Terror Offender Program ("STOP") / High Intensity Drug Trafficking Area ("HIDTA") Task Force. As an ATF Task Force Officer, I am responsible for conducting criminal investigations of criminal statutes contained in Title 18 and 21 of the United States Code, including crimes such as the possession of firearms and ammunition by convicted felons, Hobbs Act robbery, drug trafficking and the possession of firearms in furtherance of violent crimes.

3. I submit this affidavit for the limited purpose of establishing probable cause in support of a criminal complaint charging that on January 4, 2022, Defendant Larry Darnell Wade ("WADE"), knowingly possessed with intent to distribute controlled substances, namely methamphetamine and cocaine, in violation of 18 United States Code, Section 841(a)(1) and

knowingly possessed ammunition as a convicted felon, in violation of 18 United States Code, Section 922(g)(1).

4. The facts of this affidavit are the result of my own investigation and that of other law enforcement agencies. This affidavit does not represent all of the information known to me relating to this case, but is limited to information necessary to establish probable cause to support this criminal complaint.

## PROBABLE CAUSE

5. On January 4, 2022, Law enforcement executed a residential search warrant (21-mj-04431-McAliley) at WADE's residence ("WADE's residence"). Law enforcement began surveillance of WADE's residence at approximately 6:00 am waiting for WADE to exit.

6. WADE's residence is a duplex adjoining his mother's residence (the MOTHER's residence). WADE's residence consists of two bedrooms (one containing WADE's clothing and personal items, another containing children's toys) and, a living room, bathroom and a tiny kitchen.

7. During the surveillance law enforcement saw lights go on and off indicating that someone was inside WADE's residence. At approximately 9:00 am, after no one was observed leaving WADE's residence, law enforcement knocked and announced their presence at WADE's residence and breached the door when nobody answered.

8. No one was found inside WADE's residence, however, law enforcement found a locked interior door in WADE's bedroom that connected to the MOTHER's residence. Law enforcement also found evidence that someone had hurriedly fled from the bedroom. Among the items that Law enforcement found that indicated a hasty exit from the residence was a bowl of oatmeal spilled on the floor of WADE's bedroom, and WADE's false teeth (which WADE later

2

requested after being taken into custody), and a cellphone on the bed which was ringing while law enforcement searched for WADE.

9. After failing to find WADE inside WADE's residence, law enforcement knocked on the door of the MOTHER's residence and advised WADE's mother that they had just executed a search warrant at WADE's residence and were looking for him. WADE's mother denied that WADE was in the MOTHER's residence. However, when law enforcement told WADE's mother that they would get a search warrant to search the MOTHER's residence, WADE voluntarily came out of the MOTHER's residence and spontaneously asked something along the lines of "What is the search warrant for, Drugs?"

10. In searching WADE's residence, police found ammunition in a variety of calibers in both WADE's bedroom and the kitchen, approximately nineteen grams of a substance which field tested positive for methamphetamine in WADE's kitchen, and an approximately one-kilogram brick of suspected cocaine in the attic of WADE's residence. The brick of suspected cocaine has been field tested twice, it tested positive once and negative once for the presence of cocaine. WADE's residence also contained a variety of bags, scales, pans, a chemistry beaker, and a sieve consistent with narcotics distribution. These items were located in WADE's kitchen and elsewhere. Indeed, it appears that WADE was using the pans and glass containers in his kitchen to prepare narcotics for resale.

11. WADE made a post-*Miranda* statement to the police. WADE admitted that the .25 auto caliber ammunition found in his bedroom was his. He claimed that this ammunition previously belonged to his father and he did not want to get rid of it. WADE denied knowledge of the other ammunition found throughout his residence. WADE claimed that the cocaine brick

3

was fake. WADE refused to discuss the methamphetamine, scales, pans, bags, and other drug distribution materials in his residence.

12. The .25 auto caliber ammunition was found in a dresser drawer in WADE's bedroom. Mail and a checkbook in WADE's name were also in the dresser drawer.

13. It did not appear that any other adults lived in WADE's residence. Law enforcement searched for clothing during the execution of the search warrant, and the clothing was male clothing consistent with WADE's size and appearance.

14. At all material times, WADE was a convicted felon and knew that he was a convicted felon. Indeed, according to his NCIC, he has previously been convicted of possession of a firearm or ammunition by a convicted felon, and the possession of cocaine.

15. Investigation has revealed that the ammunition found in WADE's residence traveled in interstate or foreign commerce, having been manufactured outside the state of Florida.

[This Space Intentionally Left Blank]

## CONCLUSION

16. Based upon the foregoing, there is probable cause to believe that WADE knowingly possessed with intent to distribute a controlled substance, namely methamphetamine and cocaine, in violation of 21 United States Code, Section 841(a)(1) and knowingly possessed ammunition as a convicted felon, in violation of 18 United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Respectfully submitted,

_____
Carlos Calzadilla
Bureau of Alcohol, Tobacco, Firearms and Explosives.

Attested to by the applicant in accordance
with the requirements of Fed. R. Crim. P. 4.1
by FaceTime this __5th__ day of January 2022.

_____
HONORABLE ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE